IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| DAVID MATTHEW LEWERENTZ and | ) | |
| JOSHUA MICAH MAZZERI, | ) | No. 18-15803 |
| | ) | Hon. Timothy A. Barnes |
| | ) | Chapter 7 |
| Debtor(s) | ) | |

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY OF PROPOSED SPECIAL COUNSEL FOR TRUSTEE

Vincent J. Arrigo states under penalty of perjury under the laws of the United States that the following is true and correct as of the date executed[1]:

1.  I am an attorney admitted to practice law in the state of Illinois I am affiliated with the law firm of Romanucci & Blandin, LLC("Firm").  which  maintains offices in Chicago, Illinois.  I have knowledge concerning the matters set forth in this Declaration.

2. Joshua Mazzeri a/k/a Josh Mazzeri ("Debtor") and Firm entered into a Retainer Agreement ("Agreement") dated November 2, 2016, for legal representation regarding a certain accident which occurred on or about October 13, 2016. The Agreement provides for payment to Firm of one third (1/3) of any amount realized from any settlement, 40% in the event of trial or arbitration, 45% in the event of an appeal, and 50% in the event of a second trial, plus reimbursement of expenses.  The Agreement further provides that any attorney fee will be divided between Firm and Adam Berger, the referring attorney who also remains responsible for legal services according to the Agreement, two thirds and one third, respectively.  The Firm represents Debtor in the action to recover damages.  The Agreement purported to be amended by document dated October 18, 2018 ("Amendment"), which did not change the fee to the client but only changed the division of the fee among the attorneys.

3.  Other than as set forth above, neither I nor any other attorney associated with Firm, insofar as I have been able to ascertain, has any connection with Debtor, his creditors, the Chapter 7 Trustee, the United States Trustee, or any other party in interest, or his respective attorneys and accountants.  I have communicated with the Chapter 7 Trustee and his attorney in this bankruptcy case regarding this matter.

4.  Neither I nor anyone associated with Firm represents or holds any interest adverse to Debtor or to the bankruptcy estate with respect to the matter on which Firm is to be employed.

5.  Based on the foregoing, I believe Firm is eligible to be employed as special counsel for the bankruptcy estate pursuant to Section 327(e) of the Bankruptcy Code.

6.  I have advised the Trustee of Firm's willingness to serve as special counsel based substantially on the terms of the Agreement and Amendment, provided that Trustee will not be responsible for the payment or reimbursement of any costs and expenses except in the event of

---

[1] 28 U.S.C. 1746

recovery from the Lawsuit; compensation will be paid to special counsel as approved by the Bankruptcy Court in the amount as provided in the Agreement and Amendment; and only one fee will be paid out of any proceeds of settlement or judgment (i.e., there is no separate referral fee owed).

7. Payment of any settlement amount or judgment collection shall be made to the Trustee, and Trustee shall have the sole and exclusive authority to accept and negotiate the check or draft by which payment of any settlement amount is made. The payer of the settlement or other recovery shall be directed to issue and deliver such check or draft payable to the Trustee, and Trustee shall have the sole and exclusive authority to affix such endorsements to such check or draft that may enable him to deposit those funds in an account established on behalf of this estate.

FURTHER DECLARANT SAYETH NAUGHT.

Dated: November ____, 2018        _____
                                  Vincent J. Arrigo
                                  Romanucci & Blandin, LLC