IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| DAVID MATTHEW LEWERENTZ and | ) | |
| JOSHUA MICAH MAZZERI, | ) | No. 18-15803 |
| | ) | Hon. Timothy A. Barnes |
| | ) | Chapter 7 |
| Debtor(s) | ) | |

**TRUSTEE'S MOTION TO
APPROVE COMPROMISES, ALLOW AND PAY COMPENSATION, LIMIT FUTURE
NOTICES, AND FOR OTHER RELIEF**

Andrew J. Maxwell, Trustee, by his attorneys, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, states the following as **Trustee's Motion to Approve Compromises, Allow and Pay Compensation, Limit Future Notice, and For Other Relief** ("Application" or "Motion"), seeking the Court to authorize compromises of a disputed tort action, to allow and pay compensation to special counsel, to limit future notices in the case pursuant to Rule 2002(h) Fed.R.Bankr.P., and for other relief:

1. This case was commenced by Debtors' voluntary filing of a petition for relief under Chapter 7 of the Bankruptcy Code on May 31, 2018.

2. Andrew J. Maxwell was appointed as Chapter 7 interim Trustee. The first meeting of creditors was held and concluded. The Debtors have each received a discharge. .

3. One of the debtors disclosed a lawsuit seeking compensation for personal injuries suffered. (the "Lawsuit").[1]  The Trustee believes the Lawsuit is property of the estate pursuant

---

[1] Trustee is informed the Lawsuit is a cause of action not formally in litigation at this time and that it may consist of claims against several parties or insurers so that more than a single recovery may occur. Special Counsel has informed Trustee that a claim will be asserted against an additional insurance policy for uninsured/underinsured motorist accidents ("Second Policy")

to Section 541(a)(5)(A), Title 11 U.S.C. (the "Bankruptcy Code") that could benefit the creditors of the estate.

4. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. The Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

**5.** Trustee previously filed Trustee's Application to Employ Special Counsel to represent the estate in the Lawsuit seeking to employ Vincent J. Arrigo and Romanucci & Blandin, LLC (collectively the "Firm"), Adam Berger ("Berger"), and Molzahn, Reed and Rouse (the "MRR Firm") (all three sometimes collectively referred to as "Special Counsel") as special counsel to the estate in the Lawsuit (docket 34).

6. Special Counsel has negotiated a settlement offer from the insurer for one of the alleged tortfeasors in the Lawsuit ("Insurer"). The Insurer has offered to pay the policy limits of $50,000 in exchange for Debtor's release of his claim against Insurer (the "First Recovery"). A copy of the correspondence evidencing the offer and the acceptance are attached as an exhibit.

7. Special Counsel has discussed the offer with Debtor and with the Trustee and has recommended acceptance of the offer because it is the maximum recoverable from the Insurer and will avoid the costs and risks of litigation.[2] Subject to authorization from this Court, the

---

which has a policy limit of $100,000, but which will be credited for the payment from the Insurer for which authorization is being sought in this Application (the "Second Recovery").

[2] In addition to the foregoing, the risks of continued litigation include the possibilities that: 1) Debtor could recover nothing from the Lawsuit because a jury could find either the defendants not liable or that the Debtor was 51% or more at fault; or 2) Debtor could go through the delay, time, expense, and risk of trial and be awarded a judgment, perhaps in excess of $50,000.00, but with the expectation that one or both defendants could seek reconsideration of that judgment, possibly a retrial of the case, and/or appeal to the Illinois Appellate Court of any verdict in favor of Debtor, thereby delaying any payment to the Debtor, potentially for years., or that the excess amount is simply not recoverable. There are many other issues with litigation that recommend the proposed settlement.

Trustee has authorized acceptance of the full policy limits.

8.	Special Counsel also informed Trustee that Blue Cross/Blue Shield has properly lodged liens against the First Recovery in the Lawsuit to recover medical expenses it paid on behalf of Debtor in the approximate amount of $21,556.00.  At Trustee's request, Special Counsel has negotiated with the lien claimants to reduce its claim by at least 33%.  Based on his experience and a careful review of the facts and law applicable to the Lawsuit, Special Counsel recommended both the settlement offer be accepted as a fair settlement of the Lawsuit in regard to the Insurer and within the range of possible litigation results, and the medical lien resolution be accepted.

9.	Based on information from Special Counsel, Trustee believes the settlement is fair, reasonable, and in the best interests of creditors and the estate (see, *DePoister v. Mary M. Holloway Foundation*, 36 F.3d 582 (7th Cir. 1994)).  The Trustee requests that the Court approve this settlement and authorize Trustee to enter into the settlement.  The settlement will avoid the costs and uncertainty of the continued litigation of the Lawsuit and will advance completion of administration of the bankruptcy case because this is the only known non-exempt asset.

10.	Debtor Mr. Mazzeri has asserted a personal injury exemption pursuant to 735 ILCS 5/12-1001(g) (4) in the amount of $15,000, which will be paid out of the First Recovery by the Trustee.  The lien asserted by medical lien claimants will also be paid out of the settlement proceeds by the Trustee.  Trustee seeks authorization to compromise the lien at any amount not to exceed the face amount of the lien out of the settlement proceeds.  Based on Trustee's review of the claims' register, at this time it does not appear that the settlement proceeds from the First Recovery will result in full payment of unsecured claims filed in the bankruptcy case.[3]

---

[3] If no further recovery is made from other parties, it is unlikely there will be a distribution to

3

11. Trustee believes that under applicable authority, good and sufficient grounds exist for entry of an order authorizing and approving the settlement of the Lawsuit and the medical liens. In particular, Federal Rule of Bankruptcy Procedure 9019(a) expressly permits a Trustee to compromise and settle claims, subject to approval by the Bankruptcy Court. In the final analysis, the Court must determine whether a proposed settlement is in the best interest of creditors and the estate. <u>Matter of Energy Coop. Inc.</u>, 886 F.2d 921, 927 (7th Cir. 1989) ("The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate.") Under this provision, the Court should compare the terms of the settlement with the probable costs and probable benefits. <u>LaSalle National Bank v. Holland (In re American Reserve Corp.)</u> 841 F.2d 159, 161 (7th Cir. 1987).

12. In determining whether to approve a proposed settlement the Court should not substitute its judgment for that of the Trustee. <u>Matter of Carla Leather, Inc.</u>, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984). Instead, the Court need only "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" <u>Cosoff v. Rodman (In re W.T. Grant Co.)</u>, 699 F.2d 599, 608 (2d Cir. 1983). The proposed settlement, based on the recommendation from Special Counsel, appears to be well within the "range of reasonableness" and should be approved.

13. Pursuant to Federal Rule of Bankruptcy Procedure 9019(a), Trustee seeks this Court to authorize and approve the settlement/First Recovery. Trustee further seeks this Court to authorize him to execute such documents and undertake such actions that he deems necessary to consummate the settlement, including but not limited to a settlement agreement and release(s). To the extent the Debtor is required to execute releases or other documents to consummate this

---

creditors. However, it is anticipated that further recovery will be made.

resolution, Debtor should be ordered and directed to execute such documents prior to being paid his exemption amount.[4]

## Pay Special Counsel

14. To the best of Trustee's knowledge, Special Counsel handled the prosecution and resolution of the Action competently and diligently and achieved a fair and adequate resolution. Trustee seeks allowance of compensation and authorization to pay compensation out of the proceeds of the First Recovery to Special Counsel pursuant to the terms of the Retainer Agreement and the Amendment, both of which are attached as exhibits to the Trustee's Application to Employ Special Counsel and defined therein. Pursuant to the terms of the Agreement[5], Special Counsel is entitled to be paid attorneys' fees in n amount equal to thirty-three and one-third percent (33-1/3%) of the gross amount of the settlement ($50,000.00) which is $16,666.67, and is entitled to reimbursement of certain expenses incurred during the prosecution of the Lawsuit, the sum of which requested is in the amount of $1,177.27.[6] A breakdown of those expenses will be provided by Special Counsel. Trustee seeks this Court to allow attorneys' fees and expenses to Special Counsel in those amounts and to authorize payment of those fees and expenses out of the proceeds of the First Recovery at such time the proceeds are received, in full and final satisfaction of Special Counsel's claim for compensation and expenses related to the First Recovery.

---

[4] Trustee is also seeking authorization at this time to accept, without further order of this Court, a) the Second Recovery (referenced in footnote 1, *supra*) if it is the amount of the full remaining policy limits available from the Second Policy ($50,000), b) to execute the necessary documents, and c) to pay Special Counsel its contingency fee in accord with the Agreement and the Amendment and to reimburse any additional expenses that do not exceed $1,000.00.

[5] The Amendment merely modifies the division of fees among the Special Counsel.

[6] Those are the expenses provided to Trustee as of the date of the Motion. It is possible there could be some additional costs incurred for which reimbursement would be sought. As set forth in footnote 4, *supra,* additional fees would be due in the event of the Second Recovery.

15. Approximately twenty (20) days' notice of this Application has been given to the United States Trustee, the Debtors' attorney, Special Counsel, Debtors, and the creditor matrix, and any others having registered for electronic notice. To the extent possible, notice was given pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, and if not possible then by depositing a copy of the Notice of Motion in the U.S. Mail, postage prepaid. In view of the nature of the relief requested and the dollar amount at issue, the Trustee requests the Court to determine that notice given is sufficient, shorten the notice period by one day, and require no further notice of the Application.

## Limit Future Notices

16. Trustee requests this Court to order that any further notice in this case for any future actions be limited to those persons who have registered to receive electronic notices and any creditor that has filed a proof of claim in the case that has not been previously paid[7] or which has been granted an extension to file pursuant to Rules 3002(c)(1) or (2) Fed.R.Bankr.P.. The result of that would be to no longer send notice to parties that have not undertaken the minimal step of either registering to receive notices or filing a proof of claim. Trustee believes there is good cause for that action because of the cost of mailing notices to persons or entities that have not taken minimal steps to protect their own interests will increase the administrative costs in this small estate and reduce any distribution to creditors. Federal Rule of Bankruptcy Procedure 2002(h) specifically authorizes this Court to limit notice as requested here.

---

[7] The claims bar date is currently February 6, 2019.

Case 18-15803   Doc 35-1   Filed 11/08/18   Entered 11/08/18 15:26:05   Desc Exhibit
9019 application   Page 7 of 7

**WHEREFORE,** Andrew J. Maxwell, Trustee, requests this Court to grant him the relief requested, and to grant such other and further relief as this Court deems just and fair.

> Respectfully submitted,
> Andrew J. Maxwell, Trustee
>
> By: */s/ Andrew J. Maxwell*
>     By one of his attorneys

Andrew J. Maxwell (ARDC #1799150)
Maxwell Law Group
3010 N. California Ave.
Chicago, IL 60618
312/368-1138