UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   18-15803 |
| DAVID MATTHEW LEWERENTZ and | ) | |
| JOSHUA MICAH MAZZERI | ) | Chapter: 7 |
| | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER GRANTING TRUSTEE'S MOTION TO APPROVE COMPROMISE
## AND FOR OTHER RELIEF

This case coming to be heard on Trustee's Motion To Approve Compromise and For Other Relief ("Motion"), seeking to approve settlement of the Lawsuit (as defined in the Motion), to compromise certain medical liens, to authorize future settlements, and to allow and pay compensation to Special Counsel regarding the Lawsuit; twenty days notice having been given and the Court waiving further notice; counsel for Trustee having appeared; no objection having been filed or raised to the relief sought which has not been overruled by this Court; it appearing that the relief sought is in the best interest of the estate; and the Court being advised in the premises;

ORDERED, based on the allegations of the Motion but without evidentiary hearing, the Motion is granted including the following relief:

a) The settlement set forth in the Motion is approved and the Trustee is authorized to settle the First Recovery for payment to the estate in the gross amount of $50,000.00. Payment of that sum shall be made to or at the direction of the Trustee; Trustee shall have the sole and exclusive authority to accept and direct negotiation of the check(s).

b) Trustee is authorized, without further order of the Court, to settle the Lawsuit with the Second Insurer for the Second Recovery in the event the Second Recovery is in the amount of the full remaining policy limits. Payment of that sum shall be made to or at the direction of the Trustee; Trustee shall have the sole and exclusive authority to accept and direct negotiation of the check(s).

c) Trustee is authorized to undertake such other acts as may be reasonable and necessary to consummate the resolution of the Lawsuit, First Recovery and Second Recovery, including but not limited to executing and tendering a release or other documents deemed necessary to consummate the resolution of the Lawsuit, including the First Recovery and the Second Recovery. To the extent the Debtor is required to execute releases or other documents to consummate this resolution, Debtor is ordered and directed to execute such documents.        *to Special Counsel when such counsel's*

d) Attorneys fees in the amount of $16,666.67 (one third of the gross settlement of the First *retention has* Recovery) and reimbursement of expenses in the amount of $1,177.27 are allowed to Special Counsel *been* to be paid out of the funds from the proceeds of the First Recovery. Trustee is authorized to pay or *authorized.* direct payment of such amounts as administrative expenses of this estate. Such payment shall be in full and final satisfaction of any and all lien(s) or other claims by Special Counsel against the First Recovery and for services rendered in regard to that First Recovery.

In the event of the Second Recovery, fees according to the Agreement (1/3 of the gross

recovery)and reimbursement of any additional expenses not to exceed $1,000.00 are allowed to Special Counsel to be paid out of funds from the Second Recovery. Trustee is authorized to pay or direct payment of such amounts as administrative expenses of this estate. Such payment shall be in full and final satisfaction of any and all lien(s) or other claims by Special Counsel against the Second Recovery and for services rendered in regard to that Second Recovery.

e) Trustee is authorized to pay or direct payment of any lien claims asserted against the settlement in an amount not to exceed the face amount of the lien claim. In the event of dispute between Trustee and lien holder, lien holder or Trustee may seek resolution of any such lien claim in this Court. Any such payment shall be in full and final satisfaction of any and all liens or other claims asserted by or which lien holders could have asserted in this case against the funds from either the First Recovery or the Second Recovery settlements.

f) Trustee is authorized to pay Debtor the amount of the personal injury exemption pursuant to 735 ILCS(g)(4), to be paid out of the funds from the proceeds of the settlement.

g) Trustee shall not be required to provide notice in this case for any future actions other than those persons who have registered to receive electronic notices and any creditor that has filed a proof of claim in the case that has not been previously paid or which has been granted an extension to file pursuant to Rules 3002(c)(1) or (2) Fed.R.Bankr.P.

IT IS FURTHER ORDERED THAT the notice of this Motion previously sent by Trustee is deemed sufficient and need for any further notice is hereby waived.

IT IS FURTHER ORDERED THAT hearing on the Motion is concluded.

Enter:

Timothy A. Barnes

Dated: 28 NOV 2018                                    United States Bankruptcy Judge

**Prepared by:**

Andrew J. Maxwell (ARDC #1799150)
Maxwell Law Group
3010 N. California Ave.
Chicago, Illinois 60618
312/368-1138