**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **David Matthew Lewerentz** and **Joshua Micah Mazzeri,** | Bankruptcy No. 18-15803 |
| | Honorable Timothy A. Barnes |
| Debtors. | |

### NOTICE OF MOTION

**Please take notice** that, on **Wednesday, March 6, 2024, at 9:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Timothy A. Barnes, or any judge sitting in his place and stead, **either** in courtroom 744 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and shall then and there present the **Trustee's Application to Employ Special Counsel Retroactive to November 9, 2020**, a copy of which is hereby served upon you.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and password.** The meeting ID is 161 329 5276, and the password is 433658. The meeting ID and password can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the

**motion** will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: February 26, 2024

**Ariane Holtschlag,** not individually but as chapter 7 trustee for the bankruptcy estates of David Lewerentz and Joshua Mazzeri**,**

By: */s/ Justin Storer*
One of Her Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226
Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com

4895-7351-7472, v. 1

## CERTIFICATE OF SERVICE

      I, Justin R. Storer, an attorney, hereby certify that on February 26, 2024, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by US Mail on all persons identified as Non-Registrants on the attached Service List.

                                                              */s/ Justin R. Storer*

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| **Ariane Holtschlag, trustee** | aholtschlag@wfactorlaw.com; aholtschlag@ecf.axosfs.com; bkadmin@axosfs.com; ariane.holtschlag@gmail.com |
| **Patrick S Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **Jennifer M. Rinn** | Jennifer@rinnrichmanlaw.com; IL.ECF@AISINFO.COM |
| **Douglas Rivera** | DRivera@orb-legal.com; plberk@orb-legal.com; hmilman@orb-legal.com; milmanhr42820@notify.bestcase.com; hmbonesteel@gmail.com |
| **Justin R. Storer** | jstorer@wfactorlaw.com; bsass@wfactorlaw.com; jstorer@ecf.courtdrive.com |

**Non-Registrants**
(Service via U.S. Mail)

| | |
|---|---|
| **David Matthew Lewerentz** **Joshua Micah Mazzeri** 4343 N. Clarendon Ave, Unit 2515 Chicago, IL 60613 | **Ally Bank** PO Box 130424 Roseville, MN 55113 |

| | |
|---|---|
| **Adam Berger** | **Andrew J Maxwell** |
| 150 Presidential Blvd. | Maxwell Law Group |
| Oswego, IL 60543 | 3010 N California Ave |
| | Chicago, IL 60618 |

—2—

4895-7351-7472, v. 1

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **David Matthew Lewerentz** and **Joshua Micah Mazzeri,** | Bankruptcy No. 18-15803 |
| Debtors. | Honorable Timothy A. Barnes |

**TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL
RETROACTIVE TO NOVEMBER 9, 2020**

Ariane Holtschlag, not individually, but solely in her capacity as the case trustee (the "***Trustee***") for the bankruptcy estates of David Lewerentz and Joshua Mazzeri (henceforth in this application, Mazzeri is the "***Debtor***" and his estate is the "***Estate***"), respectfully requests authority to retain special counsel pursuant to 11 U.S.C §§ 105(a), 327(a), 328(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure, and in support of the requested relief states as follows:

## Jurisdiction

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "***Case***") and of this motion is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (O).

—3—

## Background

3. On May 31, 2018 (the "***Petition Date***"), the Debtor and Mr. Lewerentz filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "***Bankruptcy Code***"), thereby initiating the Case.

4. Andrew J. Maxwell, Esq. ("***Maxwell***") was thereafter appointed as the Case trustee.

5. The original meeting of creditors pursuant to § 341 of the Bankruptcy Code was held on July 9, 2018, and was concluded on July 19, 2018. Maxwell filed an initial report of assets on November 5, 2018.

6. On November 28, 2018, Maxwell obtained an order approving the compromise and settlement of one of two claims arising out of an automobile accident, and related injuries suffered by the Debtor (this occasioned the "First Recovery" in the language of that order), and authorization – upon special counsel's engagement – to pay funds to special counsel relating to special counsel's service in obtaining that First Recovery.

7. The motion seeking approval of that settlement detailed the existence of a Second Recovery, relating to another insurance carrier's uninsured/underinsured motorist coverage may one day yield funds for the estate.

8. On December 18, 2018, Maxwell obtained an order from this Court authorizing the engagement of that special counsel, Vincent Arrigo and the firm of Romanucci & Blandin, LLC ("***Romanucci***"), to seek the recovery on both the "First

—4—

Recovery" and "Second Recovery" (going forward in this Application, the "**Second Recovery Claim**") on behalf of the estate.

9. In due course, Maxwell paid Romanucci compensation for its services in connection with the First Recovery.

10. On or about November 9, 2020, Romanucci entered into a "Fee Split Agreement" with Richard Gordon and his firm, Gordon Gordon and Centracchio (collectively, "**Proposed Special Counsel**") to assist with the recovery on the Second Recovery Claim. At that time, the Debtor signed an Attorney-Client Agreement relating to the Proposed Special Counsel's representation (A copy of the retention agreement is attached as **Exhibit 1**.)

11. Approval of this joint representation, and the Proposed Special Counsel's service, has not been, until this Application, sought from the Court.

12. But since that time, Proposed Special Counsel has diligently pursued the Second Recovery Claim.

13. On July 21, 2023, Maxwell resigned from the case and Ariane Holtschlag was appointed as the new Case trustee.

14. Accordingly, the Trustee now seeks authority to retroactively employ Proposed Special Counsel on behalf of the Estate to pursue the Second Recovery Claim. The declaration of Richard Gordon in support of this motion is attached as **Exhibit 2**.

## DISCUSSION

**I. Representation.**

15. Section 327(e) of the Bankruptcy Code provides that the Trustee may, subject to court approval, employ an attorney that has represented the debtor, for a "special purpose," when it is in the best interests of the Estate.

16. In this case, the Trustee seeks authority to retroactively retain the Proposed Special Counsel on a total contingent fee basis of 1/3 (33.33%) plus costs. *See* **Exhibit 1**. Of that fee, one-third of it is payable to the first Special Counsel, Romanucci.

17. As the Illinois Model Rules of Professional Conduct specify, when an attorney-referral fee-splitting arrangement has been entered-into, both lawyers assume joint financial responsibility for the engagement. Illinois Model Rule of Professional Conduct 1.5(f), *accord* ABA Model Rule of Professional Conduct 1.5(e)(1). This entails financial responsibility for the representation as if the lawyers were associated in a general partnership. *In re Sotrment*, 203 Ill. 2d 378 (2002).

18. The Trustee believes that the Proposed Special Counsel's representation of the Debtor has been and continues to be beneficial to the Estate, as Proposed Special Counsel have particular expertise with claims of the sort at issue here, and the Proposed Special Counsel is in the process of securing what the Trustee believes is a favorable settlement offer relating to the Second Recovery Claim.

19. Neither the Trustee nor her regular counsel are experienced in personal injury-related matters. However, the Trustee believes that the Proposed Special Counsel have particular expertise with regard to product liability-related matters and this product liability matter in particular.

20. Therefore, the Trustee respectfully requests authority to retain the Proposed Special Counsel retroactive to November 9, 2020.

## II. Compensation.

21. Proposed Special Counsel agreed to represent the Estate on the described in **Exhibit 1**.

22. Proposed Special Counsel understands that any and all compensation for legal services rendered on behalf of the Estate, are subject to Court approval. Nothing has been paid to Proposed Special Counsel (or Romanucci) as of this date relating to the Second Recovery Claim.

## III. "Fee Split" Agreement.

23. The Trustee recognizes that 11 U.S.C. § 504 generally prohibits a person receiving compensation or reimbursement under 11 U.S.C. § 503(b)(2) or (b)(4) from sharing or agreeing to share any such compensation or reimbursement with another person.

24. Notwithstanding the title of Romanucci's agreement with the Proposed Special Counsel, the Trustee submits that – if Proposed Special Counsel's retention is approved by this Court – the fee-splitting prohibition of 11 U.S.C. § 504 would not be implicated by the arrangement above.

—7—

25. By the terms of the agreement, Romanucci, and the Proposed Special Counsel, are sharing in responsibility for the prosecution of the Second Recovery Claim, as such, both parties are providing services on behalf of the estate, and the Trustee would seek to pay appropriate compensation to each at the appropriate time. Courts have found that no fee-splitting occurs in a referral arrangement such as the matter at bar, when each firm is retained independently by the Trustee and both are looking to the trustee, and not the other firm, for compensation. *See, e.g., In re Age Refining, Inc.*, 447 B.R. 786, 799-800 (Bankr. W.D. Tex. 2011). Such is the case here.

## NOTICE

Notice of this motion was provided to: (a) the Debtors; (b) Debtors' counsel; (iii) the US Trustee, and (iv) all other parties requesting notice and/or receiving notice through the CM/ECF system.

WHEREFORE, Ariane Holtschlag, not individually but as the chapter 7 Trustee for the estates of David Lewerentz and Joshua Mazzeri, respectfully requests authority to retain the Proposed Special Counsel under the terms contained in this motion.

| | |
|---|---|
| Dated: February 26, 2024 | **Ariane Holtschlag,** not individually but as the chapter 7 Trustee for the estates of David Lewerentz and Joshua Mazzeri, |
| | By: */s/ Justin R. Storer*<br>One of Her Attorneys |

Justin R. Storer (6293889)

—8—

**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226
Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com