**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **David Matthew Lewerentz and Joshua Micah Mazzeri,** | Bankruptcy No. 18-15803 |
| Debtors. | Honorable Timothy A. Barnes |

## NOTICE OF MOTION

**Please take notice** that, on Wednesday, April 10, 2024, at 9:00 a.m., I will appear before the Honorable Timothy A. Barnes, or any judge sitting in that judge's place, **either** in Courtroom 744 of the Everett McKinley Dirksen Federal Courthouse, 219 S. Dearborn, Chicago, IL 60604, **or** electronically as described below, and present the **Motion to Approve Compromise with State Farm Mutual Automobile Insurance Company** brought by Ariane Holtschlag, chapter 7 Trustee.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 329 5276** and the password is **433658**. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: March 20, 2024 **Ariane Holtschlag, not individually but as chapter 7 Trustee for the estates of David Matthew Lewerentz and Joshua Micah Mazzeri,**

By: */s/ Justin R. Storer*
    One of Her Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 2300
Chicago, IL 60602
Tel: (312) 373-7226
Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Justin R. Storer, an attorney, hereby certify that on March 20, 2024, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by US Mail on all persons identified as Non-Registrants on the attached Service List.

/s/ *Justin R. Storer*

### SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| **Ariane Holtschlag, trustee** | aholtschlag@wfactorlaw.com; aholtschlag@ecf.axosfs.com; bkadmin@axosfs.com; ariane.holtschlag@gmail.com |
| **Patrick S Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **Jennifer M. Rinn** | Jennifer@rinnrichmanlaw.com; IL.ECF@AISINFO.COM |
| **Douglas Rivera** | DRivera@orb-legal.com; plberk@orb-legal.com; hmilman@orb-legal.com; milmanhr42820@notify.bestcase.com; hmbonesteel@gmail.com |
| **Justin R. Storer** | jstorer@wfactorlaw.com; bsass@wfactorlaw.com; jstorer@ecf.courtdrive.com |

**Non-Registrants**
(Service via U.S. Mail)

*See attached service list.*

4885-0533-7263, v. 1

| | | |
|---|---|---|
| Anesthesiologists of Swedish Covena<br>PO Box 772927<br>Chicago, IL 60677-2927 | Ally Bank<br>PO Box 130424<br>Roseville, MN 55113-0004 | Ally Financial<br>200 Renaissance Ctr<br>Detroit, MI 48243-1300 |
| BMW Bank of North America c/o AIS Portfolio<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Armor Systems Corporation<br>1700 Kiefer Dr., Suite 1<br>Zion, IL 60099-5105 | BMW Bank of North America<br>AIS Portfolio Services, LP<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 |
| Blue Cross & Blue Shield of IL<br>300 E Randolph Street<br>Chicago, IL 60601-5099 | Banks Family Chiropractic<br>880 Lee St suite 207<br>Des Plaines, IL 60016-6465 | Adam Berger<br>150 Presidential Blvd.<br>Oswego, IL 60543-9816 |
| CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | BMW FINANCIAL SERVICES<br>CUSTOMER SERVICE CENTER<br>PO BOX 3608<br>DUBLIN OH 43016-0306 | Broutman & Co PC<br>200 N Dearborn, Ste 3307<br>Chicago, IL 60601-1626 |
| Colorado Technical University<br>4435 N Chestnut St<br>Colorado Springs, CO 80907-3895 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Chrysler Financial Services<br>America PO Box 3288<br>Milwaukee, WI 53201-3288 |
| Discover Fin Svcs Llc<br>Po Box 15316<br>Wilmington, DE 19850-5316 | Diagnostic Radiology Specialists<br>Dept. 4062<br>Carol Stream, IL 60122-0001 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 |
| Kay Jewelers/genesis<br>15220 Nw Greenbrier, Ste<br>Beaverton, OR 97006-5744 | Esb/harley Davidson Cr<br>Po Box 21829<br>Carson City, NV 89721-1829 | Grant & Weber PC<br>5586 S Fort Apache Road<br>Ste 110<br>Las Vegas, NV 89148-7682 |
| Andrew J Maxwell<br>Maxwell Law Group<br>3010 N California Ave<br>Chicago, IL 60618-7089 | Illinois Bone and Joint Institute<br>5057 Paysphere Circle<br>Chicago, IL 60674-0001 | Internal Revenue Service<br>PO BOX 7346<br>Philadelphia, PA 19101-7346 |
| Northwestern Medicine<br>28155 Northwest Place<br>Chicago, IL 60673-1281 | David Matthew Lewerentz<br>Joshua Micah Mazzeri<br>4343 N. Clarendon Ave unit 2515<br>Chicago, IL 60613-6504 | Miramed Revenue Group<br>Dept 77304<br>PO Box 77000<br>Detroit, MI 48277-2000 |
| Stellar Pain and Spine Specialists<br>PO Box 631<br>Lake Forest, IL 60045-0631 | Syncb/care Credit<br>950 Forrer Blvd<br>Kettering, OH 45420-1469 | Swedish Covenant Hospital<br>7426 Solution Center<br>Chicago, IL 60625-3642 |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **David Matthew Lewerentz and Joshua Micah Mazzeri,** | Bankruptcy No. 18-15803 |
| Debtors. | Honorable Timothy A. Barnes |

## MOTION TO APPROVE SETTLEMENT WITH STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Ariane Holtschlag, not individually, but in her capacity as the chapter 7 Trustee for the estate of Joshua Micah Mazzeri (the "**_Trustee_**"), respectfully requests that the Court enter an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving the settlement reached between herself and the State Farm Mutual Automobile Insurance Company *("**State Farm**")* related to prebankruptcy injuries suffered by Mr. Mazzeri, and a subsequent claim on State Farm's uninsured/underinsured motorist coverage.

Pending approval by this Court, the Parties have reached a settlement providing for (a) State Farm to make payment to the Trustee in the amount of $49,369.99, and (b) the Trustee to sign a release in the form attached as **Exhibit A**.

In support of this motion, the Trustee respectfully states as follows:

4885-0533-7263, v. 1

## JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (M), in which the Court may constitutionally enter a final order, and the Trustee consents to the entry of a final order by the Court.

3. Venue of the above-captioned case and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On May 31, 2018, Mr. Mazzeri and codebtor David Matthew Lewerentz filed a voluntary petition for relief under chapter 7 of title 11, United States Code, thereby initiating the Case.

5. Andrew J. Maxwell, Esq. ("**Mr. Maxwell**") was thereafter appointed as the Case trustee.

6. The original meeting of creditors pursuant to § 341 of the Bankruptcy Code was held on July 9, 2018, and was concluded on July 19, 2018. Mr. Maxwell filed an initial report of assets on November 5, 2018.

7. Among the assets of Mr. Mazzeri's estate was a right to compensation arising from personal injuries that he had suffered in an automobile accident.

8. In an earlier motion to settle a claim relating to that accident, (see dkt. 35, footnote 1), Mr. Maxwell detailed that Mr. Mazzeri's injuries may have given rise to claims against several parties or insurers, and so more than one recovery may occur, and that a recovery from the State Farm uninsured/underinsured policy "which has a policy limit of $100,000, but which will be credited for the [first, $50,000.00] payment from the Insurer for which authorization is being sought in [that] Application" may be anticipated.

9. On July 21, 2023, Mr. Maxwell resigned from his service in this case, and the Trustee was appointed chapter 7 Trustee.

10. With the assistance of the Trustee's special counsel, the Trustee has secured an offer from State Farm to compromise the estate's claims against their uninsured/underinsured policy, relating to Mr. Mazzeri's injuries.

11. Mr. Maxwell had, in fact, already sought authority (see dkt. 35, at footnote 4), that this Court allowed him (see dkt. 43, at paragraphs (b) and (c)), to settle the claim "with the Second Insurer for the Second Recovery" for the full policy limits. That is the claim, insurer, and recovery now contemplated by this Motion. In the interests of ensuring that the Court and all parties have opportunity to review this agreement, however, the Trustee now brings this new motion for authority to settle.

## DISCUSSION

12. No "settlement agreement" as such has been drafted to effectuate the terms of the agreement. Nonetheless, the release that the Trustee seeks to enter into, attached as exhibit A, refers to itself as "this settlement."

13. The Trustee requests, by this motion, that she have authority to sign the release in exchange for a payment of $49,369.99, from which her special counsel will be compensated at a rate of 33%, after she receives authority to do so by separate order.

## BASIS FOR RELIEF REQUESTED

14. A trustee may settle or compromise a dispute with bankruptcy court approval. Fed. R. Bankr. P. 9019.

15. "A bankruptcy court may approve a settlement agreement only if it is in the best interest of the bankruptcy estate." *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 801 (7th Cir. 2012). "The linchpin of the 'best interests of the estate' test is a comparison of the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007) (*citing In re Energy Coop.*, 886 F.2d 921, 927 (7th Cir. 1989)). "Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, 'including the possibility that disapproving the settlement will cause wasting of assets.'" *Id.* (*quoting LaSalle Nat'l Bank v. Holland* (*In re Am. Reserve Corp.*), 841 F.2d 159, 161 (7th Cir. 1987)).

16. "As part of this test, the value of the settlement must be reasonably equivalent to the value of the claims surrendered. This reasonable equivalence standard is met if the settlement falls within the reasonable range of possible litigation outcomes. Because litigation outcomes cannot be predicted with mathematical precision, only if a settlement falls below the low end of possible litigation outcomes will it fail the reasonable equivalence standard." *Id.* (citations omitted); *accord In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 553 (Bank. N.D. Ill. 1994). This determination should be weighted in favor of settlement, and a challenged settlement will fail the test only if it falls below the lowest point in the range of reasonableness. *Telesphere*, 179 B.R. at 553.

17. Here, the Settlement meets the above-cited standards for judicial approval and comports with the public policy considerations favoring settlements generally by saving the Estate the expense and uncertainty of further proceedings.

18. The Trustee submits that the proposed Settlement is the product of good faith, arms'-length negotiations between the Trustee and State Farm, is fair and equitable, is mutually satisfactory to the parties, is for "policy limits," and may have been authorized already.

19. For these reasons, the Trustee respectfully submits that the proposed Settlement is in the best interests of the Estate.

## NOTICE

20. At least twenty-one days' notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) the Trustee's special counsel, (iv) Mr. Maxwell, (v) and all creditors and other parties in interest that receive notice via first-class mail.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order approving the Settlement on the terms outlined herein; 2) authorizing the Trustee to take such steps as are necessary to complete the Settlement, and granting such other and further relief as this Court may deem just and appropriate.

Dated: March 20, 2024

**Ariane Holtschlag, not individually but as chapter 7 Trustee for the estates of David Matthew Lewerentz and Joshua Micah Mazzeri,**

By: */s/ Justin R. Storer*
    One of Her Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 2300
Chicago, IL 60602
Tel: (312) 373-7226
Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com

4885-0533-7263, v. 1